# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

(United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, LA  70130)

|  |  |
|---|---|
| Ronald Satish Emrit,<br>    Plaintiff (Pro Se)<br><br>v.<br><br>Sabine Aisha Jules,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C. A. No.: **23-1208**

**SECT. J MAG. 1**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the sole defendant Sabine Jules to obtain an injunction as an equitable remedy in the form of an annulment regardless of the Rooker-Feldman Doctrine or the previous divorce granted in 2006 by order of Judge Susan Greenhawt of Broward County, Florida (Fort Lauderdale) involving the Full Faith and Credit Clause of the U.S. Constitution.  In bringing forth this complaint, the plaintiff states, avers, and alleges the following

## I.) NATURE OF THE CASE

TENDERED FOR FILING

APR 0 7 2023

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

X Fee _pauperis_
___ Process
X Dktd
___ CtRmDep
___ Doc. No.

1.) The plaintiff is trying to buy a house in fee simple absolute perhaps in the Lakewood Ranch neighborhood of Sarasota or in Naples, Fort Myers, or Cape Coral in Southwest Florida.

2.) Furthermore, the plaintiff is trying to get married to either Maria Cherniavska of Kharkiv, Ukraine or Darya, Ignateva of Kyiv, Ukraine later on this year in 2023.

3.) To clarify, the plaintiff has been litigating against the Board of Immigration Appeals in 2022 and Secretary of State Antony Blinkin in 2023 to obtain a fiance visa for Maria Cherniavska based off of a "well-founded fear of persecution" citing the stare decisis of *Miller v. Albright*.

4.) As such, the plaintiff is trying to buy a house as a tenancy by the entirety or a tenancy in common with Maria Cherniavska or Darya Ignateva as opposed to a joint tenancy with the right of survivorship with the four unities of time, title, interest, and possession.

5.) MOreover, the plaintiff is trying to buy a house as a Bonafide Purchaser for Value (BFP) in a race, notice, or race notice jurisdiction in the state of Florida.

6.) As a logical extension, the plaintiff is trying to buy a house as a quitclaim deed or warranty deed with the covenant of sesisin, covenant against encumbrances, covenant of title, covenant of quiet enjoyment.

7.) In order to pay the property taxes on a house owned in fee simple absolute in Lakewood Ranch, the plaintiff has been litigating against the UNiversity of Miami School of Law to obtain a job as a disabled professor of entertainment law citing the black-letter law legislation of the Americans with Disabilities Act of 1990 (ADA) in addition to the administrative remedies involving the Equal Employment Opportunity Commission (EEOC) regarding a right-to-sue-letter.

8.) If the plaintiff is not able to buy a house in fee simple absolute, then the plaintiff has been litigating against the Prince George's County Housing

Authority, Hagerstown Housing Authority, Calvert County Housing Authority, and Queen Anne's County HOusing Authority all of which have been appealed to the Fourth CIrcuit Court of Appeals in RIchmond, Virginia.

9.) If the plaintiff can not be a house in fee simple estate, as a life estate, or a life estate pur autre vie, then the plaintiff would like to be a house as a fee simple determinable (involving the possibility of reverter), as a fee simple to executory limitation (involving the common law Rule Against Perpetuities, the 21-year wait-and-see rule, shifting, and spring executory interests), or as a fee simple subject to condition subsequent (involving vested remainders).

10.) If the plaintiff is unable to get a job as a disabled professor of entertainment law and the plaintiff is unable to obtain a Section 8 Housing VOucher (HCV) Based off of disability, then the plaintiff is trying to pay the mortgage on a house with performance and mechanical royalties earned from ASCAP as his Performing Right Organization (PRO) which would require the plaintiff engage in a significant campaign of marketing and promotion for his music from the oast and the future.

11.) At the same time that the plaintiff is trying to get married to Maria Cherniavska or Darya Ignateva, the plaintiff is trying to obtain an annulment in the federal court system citing **_Loving v. Virginia_** such that his future marriage to Maria Cherniavska or Darya Ignateva is the only legally-recognized marriage regarding his life story.

12.) Accordingly, The plaintiff is seeking the equitable remedy of an injunction providing the plaintiff with an annulment in an ex parte proceeding or an adversarial proceeding as a justiciable case, or controversy.

13.) Although the plaintiff has been divorced since the year 2006, the plaintiff argues that he has the standing, causation, and redressability to bring this case of action against his former spouse Sabine Aisha Jules.

14.) The plaintiff argues that the statute of limitations should be equitably tolled even though the plaintiff argues that there is no statute of limitations

claim as an affirmative defense with laches given that the plaintiff is still divorced in the year 2023 as he was in the year 2006.

15.)   The plaintiff argues that this lawsuit involves an irrebuttable presumption that his former spouse would agree to an uncontested annulment as in an uncontested no-fault divorce because the plaintiff and defendant both acknowledge that this marriage on August 31st, 2002 was a mistake that ca be corrected through an annulment in the federal court system.

## II.) PARTIES TO THIS LITIGATION

16.)   The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida.  His current mailing address is 6655 38th Lane East, Sarasota, FL 34243.  His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

17.)   The first and only defendant is Sabine Aisha Jules who the plaintiff believes lives in the vicinity of Fort Lauderdale and/or Broward County. The plaintiff argues that service of process should be through publication and not Form USM 285 involving U.S. Marshals Service (USMS) because the plaintiff does not know where to serve process.  Therefore, service of process should be through publication in a local newspaper such as Miami Daily Herald if and only if (iff) the judge rules that this should not be treated as an ex parte proceeding regarding the plaintiff's substantive and procedural due process rights to get an annulment as part of the penumbra of his right to privacy.

## III.) JURISDICTION AND VENUE

18.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

19.) Because the court does not already have personal or subject matter jurisdiction

over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

20.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Eastern Kentucky (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the five defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.

21.) As an Article III court, the U.S. District Court for the District of Eastern Kentucky also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.

22.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

23.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

24.) Although the amount in controversy does not exceed $75,000 (i.e. $0 is less than $75.000), this court has jurisdiction on the grounds of diversity and a federal question presented.

## IV.) STATEMENT OF FACTS

25.) The plaintiff and defendant were married in Clark County, Nevada (Las Vegas) on August 31st, 2002 at a wedding chapel that the plaintiff does not remember.

26.) The plaintiff only got married to the sole defendant because she informed the plaintiff that she was pregnant after the plaintiff and defendant took a trip to Europe and visited the cities of Venice, Domodossola, Pisa, Rome in Italy in addition to Vatican City, France (Morzine-Avoriaz), and Switzerland (Lausanne, Zurich, Geneva).

27.) The plaintiff's divorce was finalized in 2006 by order of Judge SUsan GReenhawt after the plaintiff's attorney Bennett Oppenheimer order a DNA paternity test notarized by Glenda Stutretvant of Ohio.

28.) Dr. Michael Baird performed the paternity test and pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court can take judicial notice that Dr. Michael Baird was the doctor who performed the paternity test for Larry Birkhead of Kentucky in the Anna Nicole Smith/Danielynne case.

29.) Furthermore, the plaintiff's attorney Nancy Hass, Esquire of Hallandale Beach, Florida was also Larry Birkhead's attorney in the Anna Nicole Smith case involving judicial proceedings in the Bahamas as well.

## V.) COUNT ONE: TORTIOUS INTERFERENCE WITH FAMILY RELATIONS

26.) The plaintiff argues that the sole defendant Sabine Aisha Jules committed the tortious interference with family relations by interfering with his prior engagement to Rachel Barreiro Garcia of Las Tunas, Cuba.

27.) Pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court should take judicial notice that the plaintiff only attended Saint Thomas University School of Law in Miami Gardens, Florida to be in close proximity to "Gisela and Eloy,"i.e. The aunt and uncle of Rachel Barreiro Garcia who have a son by the name of "Christopher."

28.) Because the plaintiff is now trying to get married to Maria Cherniavska of Kharkiv, Ukraine, the plaintiff argues that it is necessary to provide her number on Whatsapp, i.e. +380994339671.

29.) Pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court should take judicial notice that this number on Whatsapp has been uploaded in PACER or CM/ECF on Page 5 of an In Forma Pauperis Application/Affidavit submitted according to 28 U.S.C. Section 1915. Once again, that number on Whatsapp is +380994339671.

## VI.) COUNT TWO: COUNT ONE: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

27.) The plaintiff argues that the sole defendant Sabine Aisha Jules committed the tortious interference with business relations by interfering with the plaintiff's study at University of Arizona Eller College of Business back in 2002 when the plaintiff was a student in the graduate program trying to obtain or earn an MBA degree.

28.) Accordingly, the plaintiff communicated with Misty Salinas of University of Arizona Eller College of Business and briefly lived at Rillito Village apartments in Tucson, Arizona before prematurely ending the lease after the defendant's mother paid to end the lease.

29.) Although the plaintiff's passport is owned by the State Department, the court can take judicial notice that the plaintiff's passport number in the past has been 502188743.

30.) The plaintiff's previous passport number was 016126458 which is also provided on an application to obtain a license to travel to Cuba pursuant to 31 CFR 515 to visit a political prisoner from Holguin, Cuba named Magna Gargallo Perez who was jailed for trying to practice Christianity.

31.) Judge Susan Paradise Baxter of ERie, Pennsylvania and JUdge Leslie Hoffman of Orlando, Florida both seem to acknowledge that the plaintiff knew both Rachel Barreiro Garcia of Las Tunas, Cuba and Magna Gargallo Perez of Holguin, Cuba.

## VII.) COUNT THREE: NUISANCE

28.) The plaintiff argues that the sole defendant Sabine Aisha Jules committed the tort of nuisance by refusing to allow the plaintiff to break up with her when he just wanted to move on with his life and study in the MBA program at Arizona and get married to his previous fiance Rachel Barreiro Garcia of Las Tunas, Cuba.

29.) The plaintiff argues that the state of limitations should be "equitably tolled" so that this can not be raised as an affirmative defense given that the plaintiff is still being bothered by the fact that he was married before in 2002 to a woman who is not his type according to the stare decisis of **_Loving v. Virginia_**, supra.

30.) Pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court should take judicial notice that the phone number for the U.S. Embassy in Poland is +48223071362 and in the United States that number appears to be (703)988-7101.

31.) Accordingly, the plaintiff informed Maria Cherniavska on Whatsapp that she should contact the U.S. Embassy in Poland and provide them with the case number in Washington, D.C. in which the plaintiff currently has an appeal in the Washington, D.C. Circuit Court of Appeals against both Condoleeza Rice (former Secretary of STate) and the current SEcretary of State Antony Blinkin.

32.) Accordingly, the plaintiff's litigation against both Condoleeza RIce and SEcretary of State Antony Blinkin is designed to get a fiance visa or political asylum for Maria Cherniavska because "time is of the essence" and the plaintiff does not have time to wait for either Congress to pass laws or President Joe BIden to issue an executive order regarding Ukrainian refugees being granted political asylum or fiance visas.

## VIII.) COUNT FOUR: INVASION OF PRIVACY THROUGH INTRUSION UPON SECLUSION

29.) As a logical extension, the plaintiff argues that Sabine Jules committed the invasion of privacy through intrusion upon seclusion by interfering with the plaintiff's prior engagement to Rachel Barreiro Garcia of Las Tunas, Cuba.

30.) The plaintiff argues that this was a tortious invasion of privacy because the plaintiff has due process rights and equal protection rights to get married to a woman that he actually loves and that the sole defendant interfered with the plaintiff's ability to get married to a woman that he loves (Rachel Barreiro Garcia) even though the sole defendant is presumably a registered nurse and not a "state actor" as a government employee.

31.) The plaintiff first met Rachel Barreiro Garcia in Santiago de Cuba in August of 1999 when the plaintiff traveled to Cuba with his friend Damon Ford and stayed at the Casa Granda HOtel after flying Cubana Airlines in travel arrangements made by "Cesar" of Mundaca Travel in Qintana Roo of Mexico in the Yucatan Peninsula.

## IX.) COUNT FIVE: INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS (IIED)

30.) The plaintiff argues that the sole defendant committed the intentional infliction of emotional distress (IIED) because it is both extreme and outrageous that the sole defendant interfered with the plaintiff' prior engagement to Rachel Barreiro Garcia of Las Tunas, Cuba and also interfered with the plaintiff's ability to pursue an MBA degree at University of Arizona Eller College of Business from 2002.

31.) The plaintiff argues that Rachel Barreiro Garcia was the "love of his life" and even though Rachel Barreiro Garcia has since moved from Las Tunas, Cuba to Barcelona, Spain (unless she moved) and presumably has a "significant other," the plaintiff argues that this cause of action is not moot and is still ripe for adjudication given that the plaintiff is now trying to get married to either Maria Cherniavska of Poland (closer to Warsaw) or Darya Ignateva of Kyiv, Ukraine (a dentist that the plaintiff first started communicating with on a website d/b/a "Amour Feel."

32.) Rachel Barreiro Garcia introduced the plaintiff to her brother "Tomas" who said that he would swim to America (like Elian Gonzalez) and she (Rachel Garcia) introduced the plaintiff to her niece "Odette" who must be over 30 years by now. The plaintiff drank Presidente beer with "Tomas" in Santiago which is interesting because the plaintiff is now a presidential candidate with a letter from Florida Secretary of State Ken Detzner from 2105.

.

## XIV.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is seeking the equitable remedy of an injunction

requesting that the court issue an injunction as an equitable remedy declaring that

the plaintiff was never married to Sabine Aisha Jules who the plaintiff believes currently lives around Fort Lauderdale or Broward County, Florida.  In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) The plaintiff is not seeking punitive, compensatory, treble, actual, presumed, and special damages for the defendants' commission of the aforementioned torts because the plaintiff appreciates that the sole defendant allowed him to terminate his parental rights in June of 2009 through an order issued by Judge Susan Greenhawt after a motion filed by the plaintiff's attorney, i.e. William Zimmerman of Deerfield Beach, Florida.

B.) The remedy at law in the form of an injunction as an equitable remedy or a declaratory judgment according to Rule 57 of Federal Rules of Civil Procedure (FRCP) would be considered appropriate given that it has been proved that the plaintiff is embarrassed to admit that he was married to the sole defendant who is not his type as he was trying to "break up" with the sole defendant in 2002 before he got married on August 31st, 2002.

C.) To clarify, this injunction as an equitable remedy is necessary to establish a "legal fiction" of selective amnesia in which both the plaintiff and the sole defendant can deny that they know each other.

D.) In summary, neither Maria Cherniavska nor Darya Ignateva knows that the plaintiff was married before to Sabine Jules and the plaintiff is trying to obtain an annulment in the federal court system so that the plaintiff does not have to inform

his "Ukrainian princess" that he was married to a woman who is not his type who the plaintiff unfortunately got married to because she said that she was pregnant on or around 2002 at Phoenix Sky Harbor Airport in Phoenix, Arizona.

Respectfully submitted,

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com

Satish Emmit
6655 38th Lane East
Sarasota, Florida 34243

Attn: Clerk of the Court
U.S. District Court for the
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

